RUKIN HYLAND DORIA & TINDALL LLP
PETER RUKIN (SBN 178336)
*prukin@rhdtlaw.com*
STEPHANIE DORIA WILEY (SBN 196825)
*sdoria@rhdtlaw.com*
REBECCA STEPHENS (SBN 299234)
*rstephens@rhdtlaw.com*
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone:      (415) 421-1800
Facsimile:      (415) 421-1700

Attorneys for PLAINTIFFS
ROSA GONZALEZ, JOSE LOPEZ, and minor J.L.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA GONZALEZ, JOSE LOPEZ, and J.L., a minor by and through his guardian ad litem ROSA GONZALEZ,<br><br>              Plaintiffs,<br><br>    v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT, DONALD GILL, SHELLEY LEWIS, JANEEN ZUNIGA, BRIAN WILK, and DOES 1-30,<br><br>              Defendants. | Case No.  3:15-cv-04820-EDL<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>    **(1) Violation of Section 1983**<br>    **(2) Disability Discrimination in Violation of the ADA**<br>    **(3) Disability Discrimination in Violation of the Rehabilitation Act**<br>    **(4) Violation of Cal. Civ. Code § 52.1**<br>    **(5) Battery**<br>    **(6) Intentional Infliction of Emotional Distress**<br>    **(7) Negligence**<br>    **(8) Negligent Supervision**<br>    **(9) Violation of Mandatory Duty**<br>    **(10)  Violation of the Unruh Civil Rights Act**<br>    **(11)  Violation of Education Code § 220**<br><br>[JURY DEMANDED] |

Plaintiffs ROSA GONZALEZ, JOSE LOPEZ, and J.L., a minor by and through his guardian ad litem ROSA GONZALEZ (hereinafter "J.L."), allege as follows:

**PARTIES**

1.      Plaintiff ROSA GONZALEZ ("Gonzalez") is a resident of Contra Costa County, California.  She brings this action on her own behalf and as a guardian ad litem for her son, J.L.

2.      Plaintiff JOSE LOPEZ ("Lopez") is a resident of Contra Costa County, California. He brings this action on his own behalf.

3.      Plaintiff J.L. is a minor and resident of Contra Costa County, California.

4.      Defendant BRIAN WILK ("Wilk") is a behavioral therapist employed by Defendant Antioch Unified School District ("AUSD").  All actions alleged herein by Wilk were taken in the course and scope of his employment with AUSD.

5.      Defendant JANEEN ZUNIGA ("Zuniga") is the principal of Mno Grant Elementary School ("Mno Grant") in AUSD, in Antioch, California.  All actions alleged herein by Zuniga were taken in the course and scope of her employment.

6.      Defendant DONALD GILL ("Gill") is the Superintendent at AUSD.  All actions alleged herein by Gill were taken in the course and scope of his employment with AUSD.

7.      Defendant SHELLEY LEWIS ("Lewis") is a teacher at Mno Grant in the AUSD, in Antioch, California.  All actions alleged herein by Lewis were taken in the course and scope of her employment with AUSD.

8.      AUSD is a public entity duly incorporated and operating under California law as a school district.  AUSD is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§11135 and 445, *et seq.*, and to all other legal requirements referred to in this Complaint.

9.      In enacting Title II of the Americans with Disabilities Act, Congress validly abrogated state sovereign immunity, and thus AUSD may be sued pursuant to Title II.  *Hason Med. Bd. Of California*, 279 F.3d 1167, 1170 (9th Cir. 2002).  By accepting Federal Rehabilitation Act funds, AUSD waived its sovereign immunity under the Eleventh Amendment to claims brought

pursuant to Section 504 of the Rehabilitation Act of 1973. *Pugliese v. Dillenberg*, 346 F.3d 937 (9th Cir. 2003). Defendant AUSD has agreed to waive Eleventh Amendment immunity with regard to Plaintiffs' state law claims.

10.     Plaintiffs sue defendants Does 1 through 30, inclusive, under fictitious names. Plaintiffs do not presently know their true names and capacities. When they ascertain their true names and capacities, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages Plaintiffs sustained as herein alleged were proximately caused by such defendants.

11.     At all relevant times set forth herein, all Defendants acted in concert and as the agent of one another.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

12.     This court has original jurisdiction over Plaintiffs' claims for relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Because Defendant AUSD has agreed to waive Eleventh Amendment immunity, the court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Contra Costa County.

14.     This case arose in Contra Costa County, California, and, pursuant to Rule 3-2(c) and (d) of the Local Rules of the Northern District of California, should be assigned to either the San Francisco or Oakland Division of the Northern District.

## FACTUAL ALLEGATIONS

15.     Plaintiff J.L. was born on April 28, 2008 and has been diagnosed with autism. Plaintiffs Rosa Gonzalez and Jose Lopez are his parents.

16.     At all times relevant to the Complaint, Defendant Brian Wilk was employed as a behavioral therapist for AUSD.

17.     J.L. began attending Mno Grant Elementary School in AUSD in 2013.  In the fall of

2014, J.L. started first grade with Defendant Lewis as his assigned teacher.  As part of J.L's special education plan, J.L. was assigned a 1-1 aide to work with him at all times in the classroom.

18.     On or about September 15, 2014, Defendant Wilk arrived in J.L.'s classroom. When Wilk saw J.L. working next to a particular classmate, he became visibly angry and loudly asked Jorge Coto, J.L.'s 1-1 aide, why J.L. was sitting next to the other student.  Coto responded that J.L. was working with the student because Wilk had recommended that he do so in the past.

19.     Wilk, appearing agitated, grabbed J.L. by the arm and forcibly pulled him away from the other student.  When J.L. began to cry, Wilk physically grabbed J.L. and forcibly pulled him out of the classroom.  After a few minutes, Wilk brought J.L. back into the classroom.

20.     After returning to the classroom, J.L. continued to resist the separation from his classmate.  Wilk again roughly grabbed J.L., this time with more force, and again took him outside. While Wilk was dragging J.L. out of the classroom, J.L. cried out to Coto for help.  Wilk, who appeared visibly angry, turned to Coto and ordered him to move away and to not get involved.  J.L. became increasingly upset and began calling out for his mother (who was not present) to help him. Wilk once again took J.L. outside and kept him there for several minutes before bringing him back into the classroom.

21.     After returning J.L. to the classroom, Wilk forcibly removed him from class for a third time.  This time, Wilk and J.L. remained outside the classroom for approximately 20 minutes or more.  When they finally returned, J.L. was visibly upset and appeared as though he had been crying.  He also had visible bruising and redness over a large area on his arm.  After Wilk returned J.L. to the classroom for the last time, Wilk left.

22.     During the time period when Wilk was engaging in abusive conduct toward J.L. as set forth above, J.L.'s teacher, Defendant Lewis, was present in the classroom.  Plaintiffs are informed and believe and on that basis allege that Lewis observed Wilk's abusive actions toward J.L. and did nothing to intervene or stop Wilk from continuing to abuse J.L.  Plaintiffs are further informed and believe and on that basis allege that Lewis did not immediately report the incident to Defendant Zuniga, the District, or any other authorities.

23.     Plaintiffs are informed and believe and on that basis allege that hours after Wilk

- 3 -

abused J.L., several school employees observed J.L.'s injuries and questioned Coto and/or

Defendant Lewis about them.  Plaintiffs are further informed and believe that Defendant Zuniga

eventually learned of Wilk's abuse.

24.     Although Wilk's abuse of J.L. occurred on or about September 15, 2014 at

approximately 10:00 a.m., neither Defendant Lewis, Defendant Zuniga, nor any other AUSD

employee contacted Gonzalez or Lopez about the abuse or J.L.'s injuries until approximately 3:00

p.m. that afternoon.  At that time, Zuniga told Gonzalez that a "minor" incident had occurred

between J.L. and a behavioral therapist, but that it had been resolved.  Zuniga also told Gonzalez

that Zuniga had contacted the police regarding the matter.  When Gonzalez asked about her son,

Zuniga informed Gonzalez that the school had sent J.L. home on the bus.

25.     When J.L. arrived home, he immediately indicated to Gonzalez that his arm hurt.

He also said "he hit me" and demonstrated how someone (who Gonzalez later learned was Wilk)

had grabbed and twisted his arm.  When Gonzalez examined J.L.'s arm, she noted a large area with

bruising and redness that was not there when she sent J.L. to school that day.  Later that evening,

Gonzalez and Plaintiff Lopez, J.L.'s father, contacted the police and reported the abuse.

26.     On or about September 24, 2014, Gonzalez and Lopez met with Melanie Jones, an

AUSD human resources employee.  During this meeting, after repeated questioning by Lopez,

Jones finally disclosed Wilk's identity to Gonzalez and Lopez.  This was the first time anyone from

AUSD provided this information to Gonzalez or Lopez.  The district did not provide any further

information to Gonzalez or Lopez about the incident or any investigation into the incident.

27.     The full extent of Wilk's verbal, psychological, and physical abuse of J.L. is

currently unknown. As a result of Wilk's abuse, J.L. suffered emotional and physical injuries,

missed two months of school, and was ultimately unable to return to Mno Grant Elementary

School.

28.     Plaintiffs are informed and believe and on that basis allege that Defendant Zuniga

instructed district employees, including Coto, not to talk to Gonzalez or Lopez and not to provide

any information to them regarding Wilk or Wilk's abuse of J.L.

29.     Prior to the late afternoon of September 15, 2014, Gonzalez and Lopez were

1   unaware that their son was subjected to abuse at school.  As a result of the discovery of Wilk's

2   abuse of their son, AUSD's failure to immediately advise them about the abuse and refusal to

3   provide information regarding the incident and any subsequent investigation, Gonzalez and Lopez

4   have suffered and continue to suffer emotional distress and other damages.

5               **FIRST CLAIM FOR RELIEF**
    **(Violation of Constitutional Rights, 42 U.S.C. § 1983;**
6   **Plaintiffs v. Defendants Wilk, Gill, Lewis, and Zuniga)**

7        30.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 29

8   above as though fully set forth herein.

9        31.     Wilk acted under color of law and violated minor Plaintiff J.L.'s rights under the

10  Fourth Amendment to the United States Constitution by his actions, including but not limited to

11  unjustified and excessive force against Plaintiff J.L.

12       32.     Defendants Gill, Lewis, and Zuniga acted under color of law and violated Plaintiff

13  J.L.'s Fourth Amendment rights by actions, including but not limited to acting with deliberate

14  indifference to the risk of harm to Plaintiff J.L. from Wilk.

15       33.     Plaintiffs are further informed and believe that the training policies of AUSD were

16  not adequate to train AUSD employees to work with children with special needs (such as students

17  with autism).  Defendant Gill, AUSD's superintendent, was responsible for the development and

18  implementation of training programs for AUSD and was deliberately indifferent to the obvious

19  consequences of AUSD's failure to train its personnel adequately, and the failure to provide

20  adequate training caused the deprivation of Plaintiff J.L.'s rights by Wilk.  A moving force behind

21  Plaintiff J.L.'s ultimate injury was Defendant Gill's failure to ensure that AUSD adequately trained

22  its employees.

23       34.     Defendants Gill and Zuniga had final policymaking authority from AUSD

24  concerning the acts of Wilk, and Defendants Gill and Zuniga ratified Wilk's conduct by failing to

25  properly respond to Wilk's abuse of J.L. and failing to discipline Wilk.

26       35.     Defendants Wilk, Zuniga, Gill, and Lewis violated Gonzalez and Lopez's rights

27  under the Due Process Clause to the Fourteenth Amendment to the United States Constitution by

28  their actions, including but not limited to:

- 5 -

a.   Using or permitting the use of excessive force against J.L.;

b.   Intentionally interfering with the parent-child relationship by concealing information regarding the physical and emotional trauma inflicted on J.L. by Wilk; and

c.   Intentionally interfering with Gonzalez and Lopez's right to provide and receive nurture, support, and comfort regarding highly traumatic events.

36.   As a proximate result of Defendants' actions, Plaintiffs have suffered damages, including mental anguish and emotional and physical distress in an amount to be proven at trial.

37.   Plaintiffs seek relief as set forth below in their prayer for relief.

**SECOND CLAIM FOR RELIEF**
**(Discrimination in Violation of the Americans with Disabilities Act;**
**Plaintiff J.L. v. AUSD)**

38.   Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 37 above as though fully set forth herein.

39.   Effective January 26, 1992, Title II of the Americans with Disabilities Act of 1990 entitled Plaintiff J.L. to the protections of the "Public Services" provisions.  Title II prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C.A. § 12131, Section 201 of the ADA.

40.   Pursuant to Section 202 of Title II, "no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C.A. § 12132.

41.   Plaintiff J.L. was at all times relevant herein a qualified individual with a disability as therein defined.

42.   AUSD failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

43.   Defendant Wilk subjected Plaintiff J.L. to physical, verbal, and psychological abuse

because of J.L.'s disability.  Wilk's physical, verbal, and psychological abuse of J.L. created a hostile educational environment based on J.L.'s disability.

44.     AUSD further failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described herein by subjecting Plaintiff J.L. to a hostile educational environment.

45.     As a result of AUSD's failure to comply with its duty under Title II, Plaintiff J.L. has suffered damages including general and special damages according to proof.

46.     Plaintiffs seek relief as set forth below in their prayer for relief.

### THIRD CLAIM FOR RELIEF
### (Violation of § 504 of the Rehabilitation Act of 1973; Plaintiff J.L. v. AUSD)

47.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 46 above as though fully set forth herein.

48.     On information and belief, Plaintiff J.L. alleges that AUSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction, and/or maintenance of the specific public facilities described herein and the activities that take place therein.

49.     By their actions or inaction in denying equal access to educational services and by subjecting Plaintiff J.L. to a hostile educational environment, AUSD violated Plaintiff J.L.'s rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

50.     As a result of AUSD's failure to comply with its duty under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, Plaintiff J.L. suffered damages including general and special damages according to proof.

51.     Plaintiffs seek relief as set forth below in their prayer for relief.

1

2

**FOURTH CLAIM FOR RELIEF**
**(Violation of California Civil Code § 52.1; All Plaintiffs v. All Defendants)**

3

4

52.     Plaintiffs incorporate the allegations in paragraphs 1 through 51 above as though fully set forth herein.

5

6

7

8

53.     The actions of Defendants, as alleged herein, including Wilk's violent acts toward Plaintiff J.L., intentionally interfered with Plaintiffs' civil rights under the Constitution and laws of the state of California by threats, intimidation, and/or coercion in violation of Cal. Civ. Code § 52.1.

9

10

11

54.     As a proximate result of Defendants' violation of Section 52.1, Plaintiffs were harmed. Defendants' conduct was a substantial factor in causing Plaintiffs' harm. Plaintiffs suffered damages as alleged herein.

12

55.     Plaintiffs seek relief as set forth below in their prayer for relief.

13

14

**FIFTH CLAIM FOR RELIEF**
**(Battery; Plaintiff J.L. v. Wilk)**

15

16

56.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 55 above as though fully set forth herein.

17

18

19

20

21

22

23

57.     As alleged herein, Wilk intentionally made physical contact with Plaintiff J.L. in a harmful and offensive manner on at least three occasions while J.L. was a student in the classroom where Wilk was working as a behavioral therapist. This physical contact included but was not limited to instances where Wilk forcibly grabbed Plaintiff J.L.'s arm and pulled him away from his seat, instances where Wilk forcibly grabbed J.L. and dragged him out of the classroom, and inflicting visible injuries on J.L. This use of force against Plaintiff J.L. constituted an unlawful battery.

24

25

58.     As a proximate result of Wilk's unlawful battery of J.L., Plaintiff J.L. has suffered and will continue to suffer damages in an amount to be proven at trial.

26

59.     Plaintiff seeks relief as set forth below in his prayer for relief.

27

28

- 8 -

**SIXTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress; All Plaintiffs v. All Defendants)**

60.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 59 above as though fully set forth herein.

61.     In subjecting J.L. to abuse as alleged herein, Defendants engaged in extreme and outrageous conduct beyond the bounds tolerated in a decent society.

62.     Defendants acted with the intent to cause Plaintiffs extreme emotional distress, or at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

63.     As a proximate result of Defendants' conduct, Plaintiffs have suffered severe and extreme emotional distress and damages as alleged herein.

64.     Plaintiffs seek relief as set forth below in their prayer for relief.

**SEVENTH CLAIM FOR RELIEF**
**(Negligence; All Plaintiffs v. All Defendants)**

65.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 64 above as though fully set forth herein.

66.     Defendants had a duty to exercise reasonable care to prevent harm in their interactions with Plaintiffs. Additionally, Defendants owed a greater degree of care to children than to adults. Defendants failed to exercise reasonable care in their interactions with all Plaintiffs, including minor Plaintiff J.L., as alleged herein.

67.     As a proximate cause of Defendants' negligent acts, Plaintiffs have incurred damages as alleged herein.

68.     Plaintiffs seek relief as set forth below in their prayer for relief.

**EIGHTH CLAIM FOR RELIEF**
**(Negligent Supervision; All Plaintiffs v. All Defendants)**

69.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 68 above as though fully set forth herein.

70.     School personnel owe students under their supervision a protective duty of ordinary

- 9 -

1    care, for breach of which AUSD is vicariously liable.

2          71.     School principals and other supervisory employees, to the extent their duties include

3    overseeing the educational environment and the performance of teachers, counselors, and other

4    district employees working with students, owe a duty of care to take reasonable measures to guard

5    students against harassment and abuse from foreseeable sources, including any employees they

6    know or have reason to know are prone to such abuse.

7          72.     As alleged herein, Wilk was unfit to perform the work for which he was hired.

8    Specifically, Wilk lacked appropriate training for how to deal with students on the autism spectrum

9    or how to manage students with behavioral challenges. The District also failed to properly ensure

10   that Wilk and other staff properly implemented J.L.'s educational and behavioral support plan.

11         73.     AUSD knew or should have known that Wilk was unfit and that his unfitness

12   created a risk to students.

13         74.     Wilk's unfitness harmed Plaintiffs. AUSD's negligence in hiring, supervising, and

14   retaining Wilk was a substantial factor in causing Plaintiffs' harm.

15         75.     As a proximate result of Defendants' negligent supervision and retention of Wilk,

16   Plaintiffs have incurred damages as alleged herein.

17         76.     Plaintiffs seek relief as set forth below in their prayer for relief.

18                          **NINTH CLAIM FOR RELIEF**
19              **(Violation of Mandatory Duty; All Plaintiffs v. All Defendants)**

20         77.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 76

21   above as though fully set forth herein.

22         78.     Teachers, instructional aides, classified personnel, and administrative officers of the

23   AUSD are mandatory reporters as defined by California Penal Code section 11165.7. As such, they

24   are under a mandatory duty to report to an agency specified in Section 11165.9 whenever, in their

25   professional capacity or within the scope of their employment, they have knowledge of or observe

26   a child whom the mandated reporter knows or reasonably suspects has been the victim of child

27   abuse or neglect. Cal. Penal Code. § 11166.

28         79.     A mandatory reporter is required to report suspected child abuse immediately or as

soon as practicably possible by telephone and the mandated reporter shall prepare and send, fax, or electronically transmit a written follow-up report thereof within 36 hours. Cal. Penal Code § 11166.

80.     Plaintiffs are informed and believe and on that basis allege that teachers, instructional aides, classified personnel and/or administrative officers of AUSD were aware that J.L. was a victim of abuse as defined by California Penal Code sections 11165.3 and 11165.4. However, none of these mandatory reporters employed by the District complied with their duty to report instances of abuse by Wilk to an agency specified in Penal Code § 11165.9.

81.     Plaintiffs were harmed by the failure to report the abuse in that Plaintiff J.L. was subjected to abuse by Wilk and was not able to receive and his parents were not able to provide appropriate and timely comfort, counseling, and treatment.

82.     As a proximate result of Defendants' actions, Plaintiffs have incurred damages as alleged herein.

83.     Plaintiffs seek relief as set forth below in their prayer for relief.

**TENTH CLAIM FOR RELIEF**
**(Violation of the Unruh Civil Rights Act, Civil Code Section 51, _et seq._**
**All Plaintiffs v. All Defendants)**

84.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 83 above as though fully set forth herein.

85.     The Unruh Civil Rights Act provides that "All persons within the jurisdiction of this state are free and equal, and no matter what their ... disability … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51.

86.     The Unruh Civil Rights Act further provides that, "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense."  Cal. Civ. Code § 52.

87.     Defendants denied Plaintiff J.L. full and equal advantages, privileges, and services because of his disability.  AUSD and the individual defendants were aware of this discrimination, which was intentional.

88.     Wilk's abuse caused Plaintiff J.L. severe psychological and physical trauma. Plaintiffs Gonzalez and Lopez have also suffered severe psychological distress because they could not protect their child from the abuse, or provide support, treatment and counseling to Plaintiff J.L.

89.     Plaintiffs are informed and believe and on that basis allege that AUSD and its officials, as well as school personnel, were aware of the abuse perpetrated by Wilk and did nothing to prevent it, which constitutes willful and affirmative misconduct.

90.     As a proximate result of Defendants' actions, Plaintiffs have incurred damages as alleged herein.

91.     Plaintiffs seek relief as set forth below in their prayer for relief.

### ELEVENTH CAUSE OF ACTION
### (Violation of Education Code Section 220; Plaintiff J.L. v. AUSD)

92.     Plaintiffs incorporate herein by reference the allegations in paragraphs 1 through 91 above as though fully set forth herein.

93.     Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of disability. . . in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

94.     A plaintiff may maintain an action for monetary damages against a school district when the plaintiff alleges that he suffered severe, pervasive conduct that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities; the school had actual knowledge of the conduct; and the school responded with deliberate indifference.  *See, e.g. Donovan v. Poway Unified School Dist.*, 167 Cal.App.4th 567, 603-09 (2008).

95.     Wilk subjected Plaintiff J.L. to abuse that effectively deprived Plaintiff of the right of equal access to educational benefits and opportunities, e.g., Plaintiff J.L. regressed developmentally, missed a significant amount of school, and was unable to return to Mno Grant after Wilk's abuse.

96.     Plaintiffs are informed and believe and on that basis allege that AUSD had knowledge of Wilk's abuse, but was deliberately indifferent by failing to discipline him.

97.      Plaintiffs seek relief as set forth below in their prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.   Compensatory damages to Plaintiffs for pain, suffering, injury, emotional distress, and medical expenses;

2.   Punitive damages against Defendants Wilk, Gill, Lewis, and Zuniga;

3.   Attorneys' fees and costs;

4.   Prejudgment interest and post judgment interest as allowed by law; and

5.   For such other and further relief, in law or equity, as the Court may deem appropriate and just.


DATED:  January 4, 2016                                    RUKIN HYLAND DORIA & TINDALL LLP


                                                           By:___*/s/ Peter Rukin*_____
                                                           PETER RUKIN
                                                           Attorneys for Plaintiffs
                                                           ROSA GONZALEZ, JOSE LOPEZ, and
                                                           minor J.L

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.


DATED:  January  4, 2016                          RUKIN HYLAND DORIA & TINDALL LLP


By:___/s/ Peter Rukin_____
PETER RUKIN
Attorney for Plaintiffs
ROSA GONZALEZ, JOSE LOPEZ, and
minor J.L